UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

KEVIN GOODWIN, MARK SHARBANO, :    CV
BRIAN MONETTE, BRIAN WINN,      :
KEITH GRANT, JOSEPH BARTLET,    :
DAVID PERKINS, AND STEVE PFENDER,   JUDGE
INDIVIDUALLY AND ON BEHALF OF   :
SIMILARLY SITUATED CAPTAINS OF   :
THE SHREVEPORT POLICE DEPARTMENT
                               :
VS.                                :    MAGISTRATE
                               :
THE CITY OF SHREVEPORT         :
                               :
_____

**COMPLAINT**

KEVIN GOODWIN, MARK SHARBANO, BRIAN MONETTE, BRIAN WINN,

KEITH GRANT, JOSEPH BARTLET, DAVID PERKINS, AND STEVE PFENDER,

INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED CAPTAINS OF THE

SHREVEPORT POLICE DEPARTMENT, plaintiffs herein, through undersigned counsel

respectfully represent:

1.

Made Defendant is the City of Shreveport ("City" or "Defendant"), a political

subdivision of the State of Louisiana located in Caddo Parish and within this court's

jurisdiction.  The Shreveport Police Department ("SPD") is a division of the City.

2.

Plaintiffs have all given written consent to be plaintiffs in this action. As required by 29 U.S.C. § 216(b), the written consent is attached to this Complaint as Exhibit A. SPD Captains bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") against the City on behalf of themselves and all other similarly situated Captains employed by SPD ("Collection Action Members") due to the Defendant's unlawful deprivation of overtime compensation under the FLSA.

3.

This court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. Venue is proper under 28 U.S.C. § 1391 because Defendant is located and domiciled within this District.

4.

Plaintiffs, except ACP Bartlet, are currently Captains employed by SPD. ACP Bartlet was a Captain during most of the relevant time periods but was promoted to ACP April 19, 2021. ACP Bartlet asserts these claims for the time period he was a Captain. Plaintiffs are similarly situated to the proposed Collection Action Members because they hold and/or held the rank of Captain during the relevant time periods, were subject to the same timekeeping standards, compensation policies, and procedures, were paid in the same manner, had the same authority, performed the same primary job duties, and were all denied time and a half compensation for overtime work in violation of the FLSA.

5.

Pursuant to SPD General Order 203.05 ("SPD 203.05"), SPD adopted a seven-day work week period that runs from "0000 hours on Sunday through 2359 hours on the following Saturday during which a member will be scheduled to work 40 hours."

6.

In accordance with Louisiana law, SPD 203.05 requires the City to pay officers below the rank of Captain time and a half for all overtime worked – either in pay or in compensatory time ("comp time").

7.

However, SPD 203.05 unlawfully precludes SPD Captains from earning time and a half when required to work overtime in violation of the FSLA and Louisiana law. Instead of paying Captains time and a half for overtime work, the City awards Captains straight time pay or straight "discretionary time" at a rate of one hour for every overtime hour worked. As SPD's decision to not pay time and a half to all of its Captains was pursuant to an official written General Order and policy, the City's failure to pay time and a half in violation of the FLSA was willful.

8.

SPD Captains are law enforcement officers whose primary duty includes first responder duties of crime prevention and enforcement of laws. SPD Captains are required to patrol the City and respond to calls as part of their duties.

9.

SPD Captains are not exempt employees under the FLSA and the City is required to pay Plaintiffs and other SPD Captains time and a half for any overtime worked.

10.

SPD Captains do not have the authority to fire, demote, or change the status of employees of SPD and their suggestions and recommendations are not given any particular weight. Therefore, SPD Captains cannot be classified as exempt under the Executive Employees exemption. 29 CFR § 541.100(a)(4).  Under Louisiana Municipal Fire and Police Civil Service Law ("Civil Service Law"), only the Appointing Authority has the authority to discipline officers unless that authority has been delegated. The City's Mayor has delegated that authority to the Chief of Police.

11.

Pursuant to SPD 305.08, SPD Captains, like all other supervisors including Corporals, Sergeants, and Lieutenants, may recommend an investigation into misconduct of other officers. However, that recommendation must be submitted through the chain of command and only the Chief of Police can call for an investigation. Investigations are handled by the Internal Affairs Bureau and SPD Captains statements and/or opinions, if given, are not given any more weight than the other evidence found by the IAB investigator.

12.

Under SPD 305.08., only the Chief of Police has the right and authority to determine

4

whether to sustain a complaint filed against an officer. After the Police Chief has made that decision, only the Chief of his designee may issue discipline. For the past decade, only the Chief of Police, Deputy Chief , or an Assistant Chief has held a Pre-Disciplinary Conference and  issued discipline to officers. SPD Captains opinions and recommendations are not given any particular weight in such disciplinary procedures or outcomes.

13.

SPD Captains do not have the authority to hire police officers. Only the Appointing Authority upon the recommendation of the Police Chief may hire police officers.  The hiring process is governed by Civil Service Law which sets minimum standards and is conducted by SPD's Human Resources and Training Academy personnel. SPD Captains recommendations for or against candidates do not factor into any hire decision.

14.

SPD Captains do not have the authority to promote officers – or recommend promotions. With the exception of the Police Chief and Deputy Chief who are chosen by the Mayor and the Chief Administrative Assistant position that is chosen by the Police Chief, all promotions within SPD police line are based solely on seniority and rank as defined by Civil Service Law.

15.

SPD Captains primary duty is not the management of the City or even the management of SPD which also precludes classifying them as exempt under the Executive

Employees exemption. 29 CFR § 541.100(a)(2). As shown above, SPD Captains do not select employees for hire. SPD Captains do not oversee training as that is handled by SPD Training Academy. SPD Captains do not set or adjust the rates of pay of SPD officers. Nor do SPD Captains set the hours or shifts that SPD officers work. SPD Captains do not appraise employees for purposes of promotions or other changes in status. SPD Captains do not discipline officers. SPD Captains do not plan or control the budget. SPD Captains do not make major decisions for SPD or the City. SPD Captains simply follow the written and/or verbal procedures established by the Police Chief and other superior officers. Therefore, SPD Captains cannot be classified as exempt under the Executive Employees exemption. 29 CFR § 541.100(a)(3) & 29 CFR 541.102.

16.

As shown above, SPD Captains primary duty is not related to the management or general business operations of the City or SPD. SPD Captains do not do the accounting, budgeting, insurance, human resources duties, or other general operational duties of SPD or the City. SPD 202.01 defines the organizational structure of SPD as five divisions and places the Deputy Chief and Assistant Chiefs as the employees with authority over each division. SPD Captains are not placed in charge of any of the five divisions of SPD. Therefore, SPD Captains cannot be classified as exempt under the Administrative Employees exemption. 29 CFR § 541.200(a)(2) & 29 CFR 541.201.

17.

SPD Captains primary duty does not include the exercise of discretion and independent judgment regarding matters of significance to the City or SPD. Therefore, SPD Captains cannot be classified as exempt under the Administrative Employees exemption. 29 CFR § 541.200(a)(2).

18.

SPD Captains do not have the authority to formulate or implement polices and procedures. Instead, SPD has lower level employees who review policies and make recommendations to the Police Chief who has sole authority to adopt policies. SPD Captains do not have the authority to commit the City or SPD to matters that have significant financial impact on the City. SPD Captains do not have discretion or authority to make independent choices free from immediate direction or supervision. Although SPD Captains use their judgment and skill in applying the policies and procedures and standards described in SPD General Orders, Bureau Orders, City Policies, Civil Service Law, they are required to follow those orders, policies, and law as well as the instructions and decisions of their superior officers. Therefore, SPD Captains cannot be classified as exempt under the Administrative Employees exemption.  29 CFR § 541.200(a)(2) & 29 CFR § 541.202.

19.

Upon information and belief, SPD has been advised by the City's Attorney's Office, or an attorney acting on behalf of the City, that SPD Captains do not meet any FLSA

exemption but SPD has failed to amend  SPD 203.05 or pay Captains time and a half for overtime hours the Plaintiffs and other SPD Captains were directed, suffered, or permitted to work. Therefore, the failure to pay Captains time and a half for all overtime was clearly willful entitling Plaintiffs and Collection Action Members to time and a half for overtime worked for three years prior to the filing of this Complaint.

20.

Plaintiffs and other SPD Captains who are Collective Action Members have been directed and/or  required to work overtime on numerous occasions over the past three years without being paid time and a half as required by the FLSA. The relevant time periods vary depending on the dates of promotion of Plaintiffs and other SPD Captains.

21.

From July 11, 2021 through December 31, 2021, Captain Goodwin worked 41 hours overtime. Captain Sharbano worked 5 hours overtime in September, 2019, 24 hours overtime in 2020, and 25.5 hours overtime in 2021 for a total of 54.5 overtime hours worked during this time period. From October 17, 2021 through December 31, 2021, Capt. Monette worked 30 overtime hours. Capt. Brian Winn worked 39 overtime hours in 2021. From May 9, 2021 through December 31, 2021, Capt. Grant worked 18 hours of overtime. ACP Bartlet worked 16 hours of overtime between July 18, 2019 and December 21, 2019, 26.75 hours of overtime in 2020, and 18 hours of overtime between January 1, 2021 and March 6, 2021 for a total of 60.75 hours of overtime worked during this time period. From July 18, 2021through

December 31, 2021, Captain Perkins worked 56.5 hours of overtime. Capt. Pfender worked 20.5 hours of overtime from October 18, 2020 through December 31, 2020 and 72.5 hours in 2021 for a total of 93 overtime hours worked during this time period. None of these plaintiffs were paid time and a half for these overtime hours. Collective Action Members worked similar hours during this time period without being paid time and a half.

22.

Plaintiffs (other than Bartlett) and other SPD Captains who are Collective Action Members continue to be required to work overtime in 2022 without being paid time and a half such that the total wages owed under the FLSA has increased and will continue to increase until this matter is resolved.

23.

The City violated the FLSA by failing to pay Plaintiffs and other SPD Captains who are Collective Action Members time and a half for the overtime hours worked. The failure to pay the correct rate was knowing and willful.

24.

The City is liable to Plaintiffs and other SPD Captains who are Collective Action Members all unpaid overtime wages required by the FLSA and liquidated damages equal to the unpaid overtime compensation due to Plaintiffs and the Collective Action Members and plaintiffs desire judgment against the City for all unpaid overtime compensation plus interest as allowed by law.  Plaintiffs are also entitled to and seek judgment for all reasonable

attorneys fees incurred in filing and prosecuting this matter.

25.

Plaintiffs request a trial by jury.

WHEREFORE PLAINTIFFS KEVIN GOODWIN, MARK SHARBANO, BRIAN MONETTE, BRIAN WINN, KEITH GRANT, JOSEPH BARTLET, DAVID PERKINS, AND STEVE PFENDER, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED CAPTAINS OF THE SHREVEPORT POLICE DEPARTMENT PRAY that after all due proceedings are had, class certification be ordered, and there be judgment rendered against the CITY OF SHREVEPORT and in favor of Plaintiffs, individually and in favor of all Collective Action Class Members:

1.   Awarding each Plaintiff and Collective Action Class Member all unpaid overtime wages due to each of them;

2.   Awarding each Plaintiff and Collective Action Class Member liquidated damages equal to the unpaid overtime compensation due each of them;

3.   Awarding legal interest as allowed by law; and

4.    Awarding all reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit.

PLAINTIFFS PRAYS FOR A TRIAL BY JURY.

PLAINTIFFS FURTHER PRAY for any and all just and equitable relief to which they may be entitled and which this court is competent to grant.

10

Respectfully submitted,

BREEDLOVE LAW FIRM

By:  *Pamela N. Breedlove*
_____
       Pamela N. Breedlove, Bar Roll No. 21773
216 Rolling Meadow Lane
Bossier City, LA 71112
P.O. Box 8667
Bossier City, LA 71113-8667
Telephone    :  (318) 423-0845
Facsimile     :  (318) 553-5176
ATTORNEYS FOR KEVIN GOODWIN, MARK
SHARBANO, BRIAN MONETTE, BRIAN
WINN, KEITH GRANT, JOSEPH BARTLET,
DAVID PERKINS, AND STEVE PFENDER,
INDIVIDUALLY AND ON BEHALF OF
SIMILARLY SITUATED CAPTAINS OF THE
SHREVEPORT POLICE DEPARTMENT